[No. C058369. Third Dist. Mar. 16, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN ROBERT GRIMES, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of the Facts and part II. of the Discussion.

122

**COUNSEL**

Gregory Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MORRISON, J.**[*]—Defendant John Robert Grimes entered unconditional pleas of guilty to battery with serious bodily injury (Pen. Code, § 243, subd. (d); further section references are to this code; count I) and assault by means likely to produce great bodily injury (§ 245, subd. (a)(1); count II). He was sentenced on count I to state prison for the low term of two years with 141 days of presentence credit. Sentence on count II was stayed pursuant to section 654.

---

[*]Retired Associate Justice of the Court of Appeal, Third Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

On appeal, defendant contends the trial court abused its discretion by imposing a prison sentence rather than granting him probation. We shall affirm the judgment.

In the published portion of this opinion we discuss the importance of careful handling of notices of appeal.

## FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

### I.

The offense occurred on the night or early morning of August 20, or 21, 2005. Defendant entered his plea on October 14, 2005. He was sentenced on November 23, 2005, and he filed his notice of appeal that same day.

The superior court clerk must "promptly mail" to the Court of Appeal notification of the filing of a notice of appeal. (Cal. Rules of Court, rule 8.304(c)(1).) "The failure of a court reporter or clerk to perform any duty imposed by statute or these rules that delays the filing of the appellate record is an unlawful interference with the reviewing court's proceedings. . . ." (*Id.*, rule 8.23.)

However, it was not until March 11, 2008, that notice of filing the notice of appeal was mailed. In a declaration, the appeals clerk for the Amador County Superior Court stated that she had just discovered that this appeal, and two others, had been "filed and forgotten," and that defendant, who had received a two-year sentence, "is more than likely out of prison by now."

Once we were notified of the delay in these cases, we processed them expeditiously.

In 1935, the mishandling of a timely notice of appeal resulted in defendant Rush Griffin's execution before his appeal could be heard. The ensuing furor led to the "automatic" appeal procedure now employed in capital cases. (See *People v. Massie* (1998) 19 Cal.4th 550, 566–567 [79 Cal.Rptr.2d 816, 967 P.2d 29].)

---

*See footnote, *ante*, page 121.

■ We do not equate the consequences to Griffin with the possible consequences to Grimes. But that extreme example highlights the importance of proper handling of notices of appeal in felony cases. As it happens, we affirm the judgment, so defendant Grimes has not been prejudiced.

This does not mean that a clerical mistake resulting in a delayed appeal will always be without consequences. If an appeal had merit, the delay could mean a person suffered an unwarranted period of incarceration, or unwarranted collateral consequences.

Because of this incident, and the trial court's prompt acknowledgment of the problem, we are confident that procedures will be modified so that the mistake will not be repeated.

II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed.

Nicholson, Acting P. J., and Robie, J., concurred.

---

*See footnote, *ante*, page 121.